1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUFUS A. AVENT,

11          Plaintiff,                    No. CIV S-09-3482 JAM DAD P

12      vs.

13   M. CATE et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.00 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

                                        1

1  Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty

2  percent of the preceding month's income credited to plaintiff's trust account.  These payments

3  will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5  § 1915(b)(2).

6  In his complaint, plaintiff has identified M. Cate, L. Lesane, and John Doe (the

7  Correctional Administrator at California Medical Facility) as the defendants in this action.

8  Plaintiff alleges that defendant Lesane has repeatedly retaliated against him for filing and

9  pursuing inmate appeals against him.  For example, plaintiff alleges that defendant Lesane has

10  threatened him with pepper spray, conducted searches of his assigned dormitory, and confiscated

11  his personal property and legal work.  Plaintiff also alleges that defendants Cate and Doe have

12  effectively ratified defendant Lesane's alleged retaliatory actions.  Specifically, plaintiff alleges

13  that he has repeatedly sent defendant Cate letters describing defendant Lesane's alleged conduct,

14  but that defendant Cate has not responded to those complaints.  Similarly, plaintiff alleges that

15  defendant Doe has maintained an institutional policy of ignoring inmate misconduct charges and

16  complaints against staff.  In terms of relief, plaintiff requests injunctive relief and monetary

17  damages.  (Compl. at 8-8B & Exs. A & B.)

18  The court finds that plaintiff's complaint appears to state a First Amendment

19  retaliation claim against defendant Lesane.  If the allegations of the complaint are proven,

20  plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court also finds,

21  however, that plaintiff's complaint does not state a cognizable claim against defendants Cate and

22  Doe.  First, prison officials are not required under federal law to process inmate grievances and

23  complaints in a specific way or to respond to them in a favorable manner.  In this regard, even if

24  the defendants delayed, denied, or ignored plaintiff's grievances and complaints, they have not

25  deprived him of a federal constitutional right.  It is well established that "inmates lack a separate

26  constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334

2

1  F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See

2  also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D.

3  Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate

4  appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No.

5  CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's

6  allegations that prison officials failed to timely process his inmate appeals failed to a state

7  cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK

8  EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison

9  officials screened out his inmate appeals without any basis failed to indicate a deprivation of

10  federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D.

11  Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his

12  administrative claims.").

13          Moreover, it is well established that supervisory personnel are generally not liable

14  under § 1983 for the actions of their employees under a theory of respondeat superior and,

15  therefore, when a named defendant holds a supervisorial position, the causal link between him

16  and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

17  F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here,

18  plaintiff has not alleged a specific causal link between any actions by defendants Cate and Doe

19  and the claimed constitutional violations.

20          Accordingly, IT IS HEREBY ORDERED that:

21              1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

22              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  Plaintiff is assessed an initial partial filing fee of $1.00.  All fees shall be collected and paid in

24  accordance with this court's order to the Director of the California Department of Corrections

25  and Rehabilitation filed concurrently herewith.

26  /////

1          3.  Service of the complaint is appropriate for defendant Lesane.

2          4.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons,

3 an instruction sheet, and a copy of the complaint filed December 16, 2009.

4          5.  Within thirty days from the date of this order, plaintiff shall complete the

5 attached Notice of Submission of Documents and submit all of the following documents to the

6 court at the same time:

7          a.  The completed, signed Notice of Submission of Documents;

8          b.  One completed summons;

9          c.  One completed USM-285 form for the defendant listed in number 3

10          above; and

11          d.  Two copies of the endorsed complaint, including the exhibits attached

12          thereto, filed December 16, 2009.

13          6.  Plaintiff shall not attempt to effect service of the complaint on the defendant or

14 request a waiver of service of summons from the defendant.  Upon receipt of the above-described

15 documents, the court will direct the United States Marshal to serve the above-named defendant

16 pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

17 DATED: February 19, 2010.

18

19

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:9
aven3482.1

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUFUS A. AVENT,

           Plaintiff,                    No. CIV S-09-3482 JAM DAD P

    vs.

M. CATE et al.,                      NOTICE OF SUBMISSION

           Defendants.          OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's

order filed _____:

           _____   one completed summons form;

           _____   one completed USM-285 form; and

           _____   two copies of the endorsed complaint, including the exhibits attached
                     thereto, filed December 16, 2009.

DATED: _____.


                                  _____
                                  Plaintiff